IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:22-cr-108 |
| EDDY ENRIQUE JIMENEZ GERONIMO,<br>  a/k/a: "Eddy Geronimo,"<br>  a/k/a: "Eddy Jimenez Geronimo"<br>  a/k/a: "Eddy Enrique Jimenez-Geronimo" | The Honorable Michael S. Nachmanoff<br><br>Hearing: July 28, 2022 |
| Defendant. | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through the undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G."), hereby submits its position with respect to sentencing for the defendant EDDY ENRIQUE JIMENEZ GERONIMO, should the Court accept the defendant's plea of guilty. Defense counsel has notified undersigned counsel that, at a hearing to be held July 28, 2022, the defendant intends to plead guilty to the one-count criminal indictment charging him with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a), and then request immediate sentencing after waiving the preparation of a Presentence Investigation Report. The United States does not oppose immediate sentencing in this case. Based on the information available at this time, the United States submits that the properly calculated guidelines range is one (1) to seven (7) months' incarceration, and that a sentence of six (6) months would be reasonable and appropriate in consideration of the factors set forth in 18 U.S.C. § 3553(a).

1

## BACKGROUND

As set forth in the affidavit supporting the criminal complaint, the defendant is a citizen and national of Mexico. ECF No. 2. On March 17, 2020, pursuant to a final order of removal, the defendant was removed from the United States at or near Brownsville, Texas. On June 23, 2020, pursuant to a final order of removal, the defendant was again removed from the United States at or near Brownsville, Texas. *Id.* On April 2, 2022, Section 287(g) designated immigration officers became aware that the defendant was in the Eastern District of Virginia, after the defendant was encountered by local authorities in Manassas Park, Virginia. *Id.*

On May 12, 2022, the defendant was charged by criminal complaint with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a). ECF No. 1. On June 15, 2022, the defendant was arrested on this charge by United States Immigration and Customs Enforcement. ECF No. 6. On June 15, 2022, the Honorable Theresa Carroll Buchanan held an Initial Appearance for the defendant. *Id.* On June 16, 2022, the Honorable Theresa Carroll Buchanan held preliminary and detention hearings for the defendant, wherein the Court found probable cause to believe that the defendant committed the offense charged and the defendant did not contest detention. ECF No. 9. On June 21, 2022, a grand jury returned an indictment, charging the defendant with one count of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a). ECF No. 13. As of the date of sentencing, the defendant will have been in the United States Marshals' custody for forty-four (44) days.

The defendant has committed several crimes while in the United States. On November 17, 2014, the defendant was convicted in the Fairfax County General District Court of Misdemeanor Driving While Intoxicated, in violation of Virginia Code § 18.2-266. On April 14, 2017, the defendant was convicted in the Prince George's County Circuit Court of Misdemeanor Driving Without a License, in violation of Maryland Code § 16-101. On September 30, 2019, the defendant

2

was convicted in the Prince William Juvenile and Domestic Relations General District Court of Misdemeanor Assault and Battery, in violation of Virginia Code § 18.2-57. On April 2, 2022, the defendant was arrested for strangulating and attacking his girlfriend with a knife. The defendant was charged with Felony Malicious Wounding, in violation of Virginia Code § 18.2-51 and Misdemeanor Assault and Battery of a Family Member, in violation of Virginia Code § 18.2-57. This case is currently pending in the Prince William Juvenile and Domestic Relations General District Court.

## ANALYSIS

The standards governing sentencing are well established. This Court must consult the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision, though the Guidelines are purely advisory. *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Pursuant to 18 U.S.C. § 3553(a), the court should consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to, among other things, reflect the seriousness of the offense and adequately deter criminal conduct; (3) the kinds of sentences available; (4) the Sentencing Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. Ultimately, the sentence imposed must meet a standard of reasonableness. *See Booker*, 543 U.S. at 260-61.

    **A.**    **Sentencing Guidelines**

The base offense level for the defendant's illegal reentry after removal is eight (8). *See* U.S.S.G. § 2L1.2(a). If the defendant proceeds with his guilty plea, the defendant will likely qualify to receive a two-point reduction for acceptance of responsibility, resulting in a total offense level of six (6). *See* U.S.S.G. § 3E1.1.

Because the defendant has two convictions at the state level that would not be time-barred for consideration under the Guidelines, and that each carried sentences of imprisonment of less than sixty (60) days, the defendant's Criminal History Category is II. *See* U.S.S.G. § 4A1.2(e).

The advisory Guidelines range for a total Offense Level of six (6) with a corresponding Criminal History Category of II is one (1) to seven (7) months of imprisonment.

### B. Statutory Analysis and Recommendation

Based upon the Section 3553(a) factors, the United States recommends a Guidelines-range sentence of six (6) months incarceration. Such a punishment would be sufficient but not greater than necessary to demonstrate the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

The defendant has unlawfully entered the United States, having been previously removed. Moreover, the defendant has committed numerous crimes that endanger the safety of other persons and the community at large, most recently strangulating and attacking his girlfriend with a knife.[1] Therefore, the nature and circumstances of the offense, as well as the history and characteristics

---

[1] Although the case is currently pending in the Prince William Juvenile and Domestic Relations General District Court, a preponderance of the evidence shows that the defendant is guilty as charged. A police report from the investigating officers will be available to the Court at sentencing and has already been provided to the defendant during discovery. Sentencing courts may consider uncharged and acquired conduct in determining a sentence, so long as the Government has proven such conduct by a preponderance of the evidence. *See United States v. Grubbs*, 585 F. 3d 793, 798-99 (4th Cir. 2009).

4

of the defendant, weigh heavily in favor of a sentence at the top end of the Guidelines range.

This sentence will also provide just punishment and protect the public from further crimes of this individual. So long as the defendant is incapacitated, the public will be protected. An overly light sentence runs the risk of the defendant reoffending in the United States or in Mexico. An immediate removal without incarceration runs the risk of the defendant quickly re-entering the United States.

Because the defendant did not face a federal criminal charge or a sentence of imprisonment from his previous illegal entry into the United States, a meaningful jail sentence will accomplish specific deterrence. By the end of his jail sentence, the defendant should be well aware that if he illegally reenters the United States again, he will commit a new felony offense, and his punishment will likely be significantly greater than his punishment here. Accordingly, a conviction and a six (6) month jail sentence would provide specific deterrence to the defendant, and more broadly, general deterrence to those who consider violating our nation's immigration laws.

Finally, the requested sentence, within the Guidelines, will avoid unwarranted sentencing disparities. The Guidelines ensure that defendants who have committed similar crimes and have similar criminal records will receive roughly similar sentences, regardless of the district and courtroom in which they are sentenced. 18 U.S.C. § 3553(a)(6). *See Gall*, 552 U.S. at 46 (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").

## CONCLUSION

For the foregoing reasons, the United States respectfully recommends that a sentence of time served be imposed in this case.

Respectfully submitted,

Jessica Aber
United States Attorney

By: _____/s/_____
Wilson Rae Stamm
Special Assistant United States Attorney
Russell Carlberg
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
(703) 299-3925
wilson.stamm@usdoj.gov
rlcarlberg@usa.doj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2022, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

/s/
Wilson Rae Stamm
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
(703) 299-3925
wilson.stamm@usdoj.gov